IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FIN BRAND POSITIONING, LLC, MARTIN ELDON LAPHAM and JULIE LAPHAM, <br><br>Plaintiffs, <br><br>v. <br><br>TAKE 2 DOUGH PRODUCTIONS, INC., DAVID TULLY and DAWN TULLY, <br><br>Defendants. | Civil Action No. 1:09-cv-00405-JL <br><br><br>Judge Joseph N. Laplante |

**PLAINTIFFS' OBJECTION TO DEFENDANTS'**
**MOTION TO REQUEST A HEARING**

NOW COME the Plaintiffs, FIN BRAND POSITIONING, LLC, MARTIN ELDON LAPHAM and JULIE LAPHAM, by and through their attorneys, Boynton, Waldron, Doleac, Woodman, & Scott, P.A., and state as follows:

1. The Defendants' Motion to Request a Hearing should be denied for the following three (3) reasons:

    (a) this Court's deadline for filing a Stipulation has expired;
    (b) this Court already denied the Motion for Preliminary and Permanent Injunction as "moot"; and
    (c) there is no proprietary, trade secret and/or confidential information at issue.

1

**(a) The Court's Deadline Expired.**

2. The parties participated in a Pretrial Conference on April 16, 2010 with this Court. The Court advised the parties that, if they were to file a Stipulation, it would be filed by May 17, 2010.

3. After the hearing, the parties had very few discussions about confidential materials before May 17, 2010. The only discussions involved the Plaintiffs' use of a "Business Plan" as an exhibit attached to the Amended Complaint (Exhibit B). The Plaintiff's reluctantly stipulated that the Business Plan could remain sealed and the Defendant filed an assented-to motion with this Court to that effect.

4. There were no other substantive discussions between counsel for the parties as to proprietary, trade secret or confidential information, and the deadline imposed by this Court expired.

**(b) The Court Denied the Defendants' Request as Moot.**

5. The Defendants believe that this Court denied its Verified Motion For Preliminary and Permanent Injunction on April 23, 2010 as moot because the parties agreed to enter into a Stipulation. However, after the April 16th Pretrial Conference, the Plaintiffs were left with the impression that this Court justifiably disregarded the Defendants' suggestions that there may be confidential, trade secret and/or proprietary information deserving of extraordinary protection in this case, and would <u>only</u> accept an agreed-to Stipulation if it was filed by May 17th. In other words, if no agreement was forthcoming, this Court would not undertake to examine these same issues again.

**( c) There is No Proprietary, Trade Secret and/or Confidential Information Deserving of Extraordinary Protection.**

6. The Defendants broadly characterized all information pertaining to the Defendants' business as "confidential" in their Verified Motion For Preliminary and Permanent Injunction.

7. The only specific document that the parties discussed after the April 16, 2010 Pretrial Conference was the Business Plan.

8. While the Plaintiffs maintain that the Business Plan is not a proprietary, trade secret and/or confidential document for a variety of reasons, including the fact that it was circulated to third parties to secure financing, the parties stipulated that the document could be sealed in the Court's file and that the parties would reserve their arguments as to its confidentiality for a later date.

9. Other than that document which is now subject to an agreement (albeit arguably not "confidential"), the Defendants fail to identify any specific documents, information or material which is confidential or a trade secret other than the disposable mini-proof box. The mini-proof box is a unique expanding cardboard box design, and while potentially patentable and novel, the box is readily ascertainable as to its structure and manufacture and has been made and sold to the public by Defendant and therefore has certainly not been the "…subject of efforts that are reasonable under the circumstances to maintain its secrecy." N.H. Rev. Stat. Ann. § 350-B.1, IV (b).

10. Furthermore, the Motion for Injunctive Relief fails on its merits for two reasons: (1) it requests relief under the auspices that the Plaintiffs "gained access" to information, not that they have actually retained that information or used it to the

Defendants' disadvantage, and (2) it is not supported by facts, only admittedly "circumstantial evidence." <u>See</u>, Def's Motion for Prelim. and Perm. Inj. Relief at p. 10. This is far from the evidence needed to demonstrate a likelihood of success on the merits.

**<u>Conclusion.</u>**

11. The parties need to get beyond these types of preliminary procedural issues and engage in meaningful discovery in order to address the merits of this dispute.

12. No Memorandum of Law is filed herewith as all legal arguments are contained herein.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

 A. Deny the Defendants' Motion to Request a Hearing; and

 B. Grant such further relief as is just and proper.

DATED this 9th day of June, 2010.

         **BOYNTON, WALDRON, DOLEAC,
         WOODMAN & SCOTT, P.A.**

     By: /s/ Philip L. Pettis, Esquire
        Philip L. Pettis (N.H. Bar No. 13879)
        82 Court Street – P.O. Box 418
        Portsmouth, NH 03802-0418
        Telephone: (603) 436-4010
        Facsimile: (603) 431-9973

        *Attorneys for Fin Brand Positioning, LLC,
        Martin Eldon Lapham and Julie Lapham*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2010, I have caused a true copy of the foregoing PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO REQUEST A HEARING was served via the Court's ECF system on the 9th day of June, 2010, on the following counsel of record:

James Laboe
NH Bar No. 14571
One Eagle Square, P.O. Box 3550
Concord, NH 03302
Telephone: (603)224-2381
Fax: (603)223-2318

         /s/ Philip L. Pettis
         Philip L. Pettis