UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Fin Brand Positioning, LLC,
Martin Eldon Lapham, and
Julie Lapham

    v.                                      Civil No. 09-cv-405-JL
                                           Opinion No. 2011 DNH 219
Take 2 Dough Productions, Inc.,
David Tully, and Dawn Tully


**SUMMARY ORDER**

Defendants David and Dawn Tully and their company, Take 2 Dough Productions, Inc. have moved for reconsideration of this court's order denying their motion for summary judgment in part and granting it in part. Fin Brand Positioning, LLC v. Take 2 Dough Prods., Inc., 2011 DNH 200 ("Order"). Defendants argue that the court made numerous errors of law or fact in ruling that they were not entitled to summary judgment on the plaintiffs' claims for promissory estoppel, unjust enrichment, and violation of the Consumer Protection Act ("CPA").

The facts relevant to the motion for summary judgment are fully related in the Order. In essence, plaintiffs Fin Brand Positioning, LLC, Marty Lapham, and Julie Lapham allege that defendants promised them an ownership share in a company that sold pizza dough at retail, but later reneged after obtaining the benefit of plaintiffs' efforts in developing that business. They assert claims for breach of contract, promissory estoppel, unjust

1

enrichment, and unfair and deceptive practices in violation of the CPA. In the Order, the court granted summary judgment to defendants on the breach of contract claim, concluding (among other things) that the terms of the alleged contracts were too indefinite to enforce. Order at 15-18. As to the other claims, however, the court denied the motion for summary judgment, concluding that the existence of genuine issues of material fact remained. Id. at 18-27.

As fully explained infra, defendants' motion for reconsideration fails to demonstrate any "manifest error of fact or law" in these rulings. L.R. 7.2(e). The motion is therefore denied.

## I.   Promissory estoppel

Defendants first argue that the court erred in not granting them summary judgment on the promissory estoppel claim. They argue that because that claim is "premised on the same indefinite and unenforceable 'promises' that underlay the breach of contract claim" -- on which, as just discussed, the court granted summary judgment to defendants -- it must suffer the same fate.

Defendants' argument fails for a number of reasons. Not least of these is that defendants never once raised this argument in their memoranda in support of their motion for summary judgment, and did not do so at oral argument even when the court

explained repeatedly that it would likely grant summary judgment for the defendants on the breach of contract claim. Rather, in moving for summary judgment on the promissory estoppel claim, defendants argued that plaintiffs could not recover under that theory because (a) all of the alleged reliance took place before any of the alleged promises; and (b) the parties' relationship was governed by an express agreement, making the doctrine of promissory estoppel inapplicable. See document no. 39-1 at 18-21; document no. 45 at 7-8. The memoranda do not betray the faintest whiff of an argument that the alleged promises on which plaintiffs sought to recover were too vague or indefinite to enforce. As this court has previously cautioned, "[a] motion for reconsideration generally does not provide a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment." Skinner v. Salem Sch. Dist., 718 F. Supp. 2d 186, 193 (D.N.H. 2010) (quotation marks omitted).

Even if defendants had timely raised this argument in their motion, it would not have entitled them to summary judgment, anyway. While, as described in the Order, an agreement's "general structure and specific provisions" must be sufficiently definite to be enforceable in contract, Order at 15, the same is not true of the promises upon which a promissory estoppel claim is premised. The New Hampshire Supreme Court suggested as much

in <u>Jackson v. Morse</u>, 152 N.H. 48 (2005), a case defendants themselves cite (albeit only selectively).

In <u>Jackson</u>, the court held that the trial court had erred in permitting the jury to determine whether the proper measure of damages on a promissory estoppel claim was the expected value of the promise or the damages plaintiffs incurred in reasonable reliance on it. <u>Id.</u> at 52-54. The appropriate measure, the court concluded, was a question of law to be determined by the trial court based upon the "facts and equities" of each case. <u>Id.</u> at 52. Such facts and equities, the court remarked, include the clarity and definiteness of the promise: "while expectation damages are usually awarded when the promise is clear or definite, damages in the case of an indefinite or unclear promise will be limited to expenses incurred in reasonable reliance on the vague promise." <u>Id.</u> at 53 (quoting <u>Garwood Packaging, Inc. v. Allen & Co., Inc.</u>, 378 F.3d 698, 703 (7th Cir. 2004)).

This court draws from <u>Jackson</u>, then, the same conclusion recently drawn by another judge of this district, i.e., that "a promissory estoppel claim may proceed based on an indefinite or unclear promise, although the measure of damages is affected."[1]

---

[1] A promise's lack of definiteness or clarity also arguably affects whether the plaintiff's reliance on the promise was reasonable. <u>Cf.</u> <u>Armstrong v. Rohm & Haas Co., Inc.</u>, 349 F. Supp. 2d 71, 83 n.16 (D. Mass. 2004) (concluding that plaintiffs could not establish that reliance on "vague and indefinite" promise was reasonable for purposes of promissory estoppel claim). Based upon the record evidence in this case, though, the court cannot

4

Aftokinito Props., Inc. v. Millbrook Ventures, LLC, 2010 DNH 144, at 17 (DiClerico, J.).  Thus, the fact that the promises on which plaintiffs seek to recover are "uncertain and indefinite," as defendants argue, does not entitle them to summary judgment, though it may affect the measure of plaintiffs' damages at trial.

In apparent recognition of this aspect of Jackson, defendants argue that plaintiffs "seek only expectation damages," and that "[t]here is neither an allegation of reliance damages in the complaint, nor any evidence of it in the record."  But plaintiffs' second amended complaint expressly alleges that they "did, in fact, rely on [defendants'] promises to their detriment by investing their knowledge, experience, time, skills, and ideas into the new business venture" and that plaintiffs "are entitled to recover their losses from the Defendants."  Document no. 35 at 10, ¶¶ 48, 50.  The complaint supplements these claims with allegations of specific instances of reliance.  And, in responding to defendants' motion for summary judgment, plaintiffs substantiated their allegations with admissible evidence.  See Order at 19-20.  Defendants' contention that reliance damages are not at issue in this case is therefore without merit.[2]

---

say that the alleged promises were so unclear and indefinite as to have precluded plaintiffs from reasonably relying on them as a matter of law.

[2]To the extent defendants' motion for reconsideration asks the court to limit the legal and temporal scope of plaintiffs' promissory estoppel claim, that request is denied.  Again, any

## II.  Unjust enrichment

Defendants next argue that the court erred in denying summary judgment as to the unjust enrichment claim based in part upon its conclusion that there was "a potential dispute of fact as to whether Marty's work on the Mini Proofing Box" (a special box to package the retail dough) fell within the scope of a prior contract between Julie Lapham and defendants (the "January 30 Agreement").  Whereas the court concluded that the January 30 Agreement was facially ambiguous as to this point, Order at 23-24, defendants now argue that there is nothing at all ambiguous about the agreement when read as a whole, and that the record evidence supports but one conclusion:  the parties intended the January 30 Agreement to encompass Marty's work on the Mini Proofing Box.

The court disagrees.  First, as explained in the Order, the critical provision of the agreement provides that Fin Brand, Marty Lapham's company, will provide defendants with "electronic artwork for the new product name, logo, and package design."  Id. at 23.  This provision is ambiguous on its face as to whether Marty and Fin Brand will provide "package design" - which could

---

argument as to the proper scope of plaintiffs' claim was not presented in defendants' motion for summary judgment and is not grounds for reconsidering the Order.  In any event, such an argument is more appropriately raised in the context of a motion in limine or a request for jury instructions; defendants remain free, of course, to raise their arguments in that context.

arguably, but not necessarily, be read to include work on the Mini Proofing Box - or just "electronic artwork for package design" - which inarguably would not include that work.  The fact that other provisions of the January 30 Agreement (which, it should be noted, Fin Brand and Marty did not sign) provided that <u>Julie</u> would provide "package design" does not bring <u>Marty</u>'s work on the Mini Proofing Box within its scope (indeed, Julie herself had minimal involvement in the development of the box).

   Second, the other record evidence "that the parties intended the design of the Mini Proofing Box to be covered by the January 30 Agreement," which the court previously acknowledged, <u>id.</u> at 23-24, does not resolve the meaning of that agreement as a matter of law.  There is also record evidence supporting an opposite conclusion:  for example, there is testimony that David Tully attempted to persuade plaintiffs to assign the rights to the Mini Proofing Box to the new dough business.  This at least suggests he did not believe that defendants already owned the rights to the Mini Proofing Box by virtue of the January 30 Agreement.  On summary judgment, of course, the court "views all facts and draws all reasonable inferences in the light most favorable to the non-moving party."  <u>Estrada v. Rhode Island</u>, 594 F.3d 56, 62 (1st Cir. 2010).  The court simply applied this standard in denying summary judgment as to the unjust enrichment claim.  Defendants'

motion for reconsideration of that ruling is denied.[3]

### III. Consumer Protection Act

Finally, defendants maintain that the court erred in denying summary judgment in their favor as to the CPA claim. Their request for reconsideration makes two principal arguments: first, that the court incorrectly identified the jury as the fact-finder as to this claim; and second, that the court did not properly evaluate the record evidence or applicable case law. Neither argument changes the court's ruling as to the CPA claim.

First, defendants argue that "[t]hroughout its analysis of the CPA claim, [the court] postulated that a jury might find for plaintiffs on this or that element of the claim," and that because CPA claims are tried to a judge, not a jury, this somehow affects the outcome on summary judgment. The court acknowledges its misstatement: although "many [CPA] claims have been tried before juries," parties are not entitled to trial by jury on them. Hair Excitement, Inc. v. L'Oreal U.S.A., Inc., 158 N.H. 363, 369-70 (2009). But the court's misstatement does not affect

---

[3]Even if the court agreed with defendants as to the scope of the January 30 Agreement, defendants would not be entitled to summary judgment on the unjust enrichment claim. As stated in the Order, work on the Mini Proofing Box was not the only potentially unjust "enrichment" defendants received from plaintiffs. Order at 23. Thus, even if the Mini Proofing Box were subtracted from the equation, plaintiffs' unjust enrichment claim would survive.

its summary judgment analysis in the least: a court can no more resolve factual disputes on a summary judgment record for itself than it can for a jury. See, e.g., Carroll v. Metro. Ins. & Annuity Co., 166 F.3d 802, 808 (5th Cir. 1999) ("[F]indings involving material facts genuinely in dispute are reserved to the finder of fact, whether judge or jury, at the trial stage of the proceedings."). Thus, the result would be no different if the word "jury" in the Order were replaced with "finder of fact." Lest the Order result in any misunderstanding, though, the court will do just that, and will issue a new order replacing the two mentions of "jury" in its analysis of the Consumer Protection Act claim with "finder of fact."

Defendants' second argument merely recycles the same points they made in support of their motion for summary judgment. But a motion for reconsideration is not an appropriate vehicle for "revisiting a party's case and rearguing theories previously advanced and rejected." Doe v. Friendfinder Network, Inc., 2008 DNH 098, at 1 (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). Instead, "[m]otions to reconsider are granted only where the movant shows a manifest error of law or newly discovered evidence." Adam v. Hensley, No. 07-cv-338, 2008 WL 2949230, *1 (D.N.H. July 30, 2008) (quoting Kansky v. Coca-Cola Bottling Co., 492 F.3d 54, 60 (1st Cir. 2007)). Defendants have shown neither.

9

**IV. Conclusion**

For the reasons set forth above, the defendants' motion for reconsideration[4] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge
District of New Hampshire

Dated: December 22, 2011

cc: Philip L. Pettis, Esq.
    Scott A. Daniels, Esq.
    James F. Laboe, Esq.

---

[4] Document no. 48.