UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Fin Brand Positioning, LLC,
Martin Eldon Lapham, and
Julie Lapham

     v.                         Civil No. 09-cv-405-JL

Take 2 Dough Productions, Inc.,
David Tully, and Dawn Tully

**SUMMARY ORDER**

The defendants in this business dispute have moved for
sanctions against the plaintiffs for failing to comply with Local
Rule 16.2 in making their final pretrial filings.  Specifically,
defendants take issue with plaintiffs' failure to file (1)
requests for jury instructions; (2) trial memoranda and requests
for findings of fact and rulings of law; (3) proof of special
damages; (4) a statement of their position on the use of the Jury
Evidence Recording System at trial; and (5) a statement of any
claim for attorneys' fees they might have.  As punishment for
these claimed transgressions, defendants seek dismissal of the
case and an award of the fees they incurred in preparing their
own pretrial filings.  They also seek to limit the damages
evidence that plaintiffs can present at trial.  While defendants'
point that plaintiffs have failed to make the filings required by
the rules may be well-taken, defendants' requests for relief for

those violations are wholly disproportionate and, indeed, border
on frivolous.   The motion is therefore denied.

It is true that this court's local rules warn plaintiffs
that "the court may dismiss an action, enter a default, or impose
other sanctions it deems appropriate, for any violation of, or
failure to comply with, the local rules."  L.R. 1.3(a)[1]; see also
Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to
comply with these rules or a court order, a defendant may move to
dismiss the action or any claim against it.").   But the
availability of dismissal as a sanction for noncompliance with
the rules does not mean that dismissal is appropriate for any and
all instances of noncompliance, or that litigants should
immediately seek dismissal as a sanction in such instances.   As
the court of appeals has explained, dismissal "is a harsh
sanction, which runs counter to our strong policy favoring the
disposition of cases on the merits."  Figueroa Ruiz v. Alegria,
896 F.2d 645, 647 (1st Cir. 1990) (internal citation omitted).
Accordingly, "such an option should be employed"--and, if a

---

[1]Defendants' motion characterizes the plaintiffs' lack of
compliance with Local Rule 16.2 as a "fail[ure] to obey a
scheduling or other pretrial order," sanctionable under Federal
Rule of Civil Procedure 16(f)(1)(C).   In the court's view, Local
Rule 1.3(a) is the more appropriate mechanism for seeking and
assessing sanctions for a failure to comply with that rule.

defendant exercises any prudence at all, sought--"only when a plaintiff's misconduct has been extreme." Id.

Plaintiffs' supposed misconduct here can hardly be described as extreme. "A finding of extreme misconduct is warranted in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance such as prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time." Id. (internal citation and alterations omitted). However the omissions from plaintiffs' pretrial filings might be described or decried, they do not reach a level of recalcitrance on par with any of those examples. The court does not credit defendants' strained attempt to paint the five supposed rule violations outlined above as discrete offenses that, in aggregate, demonstrate a gross disregard for the local rules: plaintiffs did not entirely shirk their obligations under Local Rule 16.2, but provided most of the information required, including, most importantly, the names of witnesses and an exhibit list. Defendants' argument that they were prejudiced by plaintiffs' failure to provide the information in question is similarly unpersuasive; most of the disclosures omitted by plaintiffs, including proposed jury instructions, findings and

rulings, and trial memoranda, serve principally to aid the court
in shaping a case for trial, rather than to provide notice to the
opposing party.  Dismissal is particularly inappropriate here.

The court also declines to sanction plaintiffs by awarding
defendants the attorneys' fees they expended in preparing their
own pretrial filings.  Defendants, citing Federal Rule of Civil
Procedure 16(f)(2), claim that they are entitled to such an award
since they incurred those fees "because of" plaintiffs'
noncompliance with the rule.  See Fed. R. Civ. P. 16(f)(2).  Even
assuming Rule 16(f) applies here (but see n.1, supra), the
defendants' argument does not make sense.  The Federal and Local
Rules required defendants to make those filings without regard to
whether plaintiffs also made them; there is, therefore, simply no
causal connection between plaintiffs' supposed misconduct and
defendants' expenditures on their own pretrial filings.

Finally, the court will disregard for the moment that part
of the motion that seeks to preclude plaintiffs from offering
certain damages evidence at trial.  Defendants seek that relief
not as a sanction for plaintiffs' failure to comply with Local
Rule 16.2, but in response to disclosures plaintiffs did make
under the rule (namely, their statement of damages).  Their
request for that relief therefore violates Local Rule 7.1(a)(1)'s
prohibition on seeking separate and distinct relief in a single

4

motion, and is uniquely out of place in their motion for
sanctions.  Indeed, that request appears to be an attempt either
to circumvent the (now-expired) deadline for motions in limine
set forth in the discovery plan or to supplement several of the
myriad other motions in limine they have already filed.

Nothing in this order should be taken to suggest that
plaintiffs should <u>not</u> be sanctioned for their failure to comply
with Local Rule 16.2, however.  Plaintiffs have not fulfilled
their obligations under the rule.  As a result, unless they are
able to demonstrate that "justice . . . requires" the court to
excuse their noncompliance, L.R. 1.3(b), plaintiffs may well find
themselves unable to argue certain positions in the future, or
face some other similar sanction, because of it.

As troubled as the court is by plaintiffs' noncompliance
with Rule 16.2, it is at least as troubled by defendants' conduct
in filing their motion for sanctions.  Our local rules envision
that litigants will make a good-faith attempt to informally
resolve any issues that may arise before involving the court.
<u>See</u> L.R. 7.1(c).  Defendants do not appear to have done so.
Instead, they filed their overwrought and entirely
disproportionate request that this action be dismissed in its

entirety almost immediately after plaintiffs completed their deficient pretrial filings.[2]

To be sure, defendants were not obliged to confer with plaintiffs before seeking dismissal. See id. (good-faith attempt at resolution required for any motion "other than a dispositive motion"). But such a course of action would have been advisable. As defendants' motion for sanctions notes, it seems as though plaintiffs may have incorrectly addressed the topics set forth in New Hampshire Superior Court Rule 62, rather than Local Rule 16.2, in their pretrial statement. Had defendants simply apprised plaintiffs of this, rather than filing their motion, plaintiffs may very well have offered to provide the required information as soon as possible. With several weeks remaining before trial, it is hard to see how a slightly late disclosure would prejudice the defense of this action in any way.

For the foregoing reasons, defendants' motion for sanctions[3] is DENIED, without prejudice to their seeking alternative sanctions at trial, if appropriate.

---

[2]The court also notes that defendants do not appear to have sought plaintiffs' concurrence before filing a single one of their nine pending motions in limine. At the very least, they have not certified to the court that they did so, as required by Rule 7.1(c).

[3] Document no. 69.

**SO ORDERED.**

_____

Joseph N. Laplante
United States District Judge

Dated:   April 11, 2012

cc:   Philip L. Pettis, Esq.
      Scott A. Daniels, Esq.
      James F. Laboe, Esq.