UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Fin Brand Positioning, LLC,
Martin Eldon Lapham, and
Julie Lapham

    v.                                  Civil No. 09-cv-405-JL

Take 2 Dough Productions, Inc.,
David Tully, and Dawn Tully

## SUMMARY ORDER

In this business dispute, plaintiffs Fin Brand Positioning, LLC, Marty Lapham, and Julie Lapham allege that defendants David and Dawn Tully and their company, Take 2 Dough Productions, Inc., promised them an ownership share in a company, PaneBelle, that sold pizza dough at retail, but later reneged on that promise after plaintiffs devoted time and effort to develop the company. They assert claims for promissory estoppel, unjust enrichment, and unfair and deceptive practices in violation of the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A.[1] This court has jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity).

A jury trial is scheduled to begin in only one week.  In advance of that trial, defendants have submitted multiple motions

---

[1] Plaintiffs also asserted a claim for breach of contract, but the court granted summary judgment to defendants on that claim. Fin Brand Positioning, LLC v. Take 2 Dough Prods., Inc., 2011 DNH 200, 12-18.

in limine to exclude various evidence. One of those motions--defendants' motion to "preclude plaintiffs from presenting any evidence at trial that requires expert testimony"--raises a problem that, when taken in conjunction with the parties' representations at yesterday's final pretrial conference, makes a jury trial potentially unnecessary.

Defendants' motion seeks to prevent plaintiffs from presenting evidence of (1) their future wages and compensation and (2) their potential profits and royalties from PaneBelle, "a commercial entity that was never formed." Defendants argue that such damages are inherently speculative unless supported by expert testimony. Because plaintiffs have designated no expert, they say, any evidence of such damages must be excluded.

The court need not address the first of these two types of damages evidence in detail, because plaintiffs stated at the final pretrial conference that they are not pursuing a damages theory premised on any wages or compensation they would have earned in the future. But the second is front and center in this case. Plaintiffs seek to recover actual damages in the amount of $76,385.88, an amount representing their share of what they say PaneBelle would have earned had the ownership plan been realized.

If plaintiffs seek to recover profits which PaneBelle allegedly would have realized if not for defendants' wrongful

conduct, they must present "sufficient relevant data support[ing] a finding that profits were reasonably certain to result." Barrows v. Bezanson, No. 95-CV-231-SD, slip op. at 17 (D.N.H. Aug. 13, 1996) (quoting Great Lakes Aircraft Co. v. City of Claremont, 135 N.H. 270, 296 (1992)). That evidence must "provid[e] enough information under the circumstances to permit the factfinder to reach a reasonably certain determination of the amount of gains prevented" by defendants' conduct, id. at 18 (quoting Indep. Mech. Contractors, Inc. v. Gordon T. Burke & Sons, Inc., 138 N.H. 110, 118 (1993)), and must be "accomplished through the introduction of opinion testimony grounded upon relevant data sufficient to estimate a plaintiff's alleged losses to a reasonable certainty," id. (citing Fitz v. Coutinho, 136 N.H. 721, 726-27 (1993)).

In short, because an award of lost profits is inherently speculative, depending upon how a variety of variables (including profits, losses, expenses, and debts) play out over time, "expert testimony is a necessary incident" to such an award. Id. at 19. But plaintiffs have designated no expert on lost profits. Instead, they attempt to prove up PaneBelle's supposedly lost profits by relying on the earnings projections set forth in a business plan drafted roughly contemporaneously with the alleged promise. But that business plan does not support a finding that

"profits were reasonably certain to result." Great Lakes, 135 N.H. at 296. It provides no information that would allow a factfinder to make a "reasonably certain determination" of PaneBelle's likely gains. Indep. Mech. Contractors, 138 N.H. at 118. It is an entirely prospective, aspirational prediction of PaneBelle's gains made without benefit of hindsight. As the Court of Appeals for the Second Circuit has observed in a similar context, an "entrepreneur's 'cheerful prognostications' are not enough" to show a reasonable certainty of future profits by a business that never formed. Schonfeld v. Hilliard, 218 F.3d 164, 173 (2d Cir. 2000) (quoting 1 D. Dobbs, Law of Remedies § 3.4 (2d ed. 1993)); cf. Van Hooijdonk v. Langley, 111 N.H. 32, 34 (1971) ("Any undertaking to establish the amount of future gains prevented is likely to encounter difficulty in satisfying the requirement of reasonable certainty of proof. An established business can usually provide data from which future prospects can reasonably be projected. Where operations have never commenced, evidence of expected profits has generally been considered incompetent because speculative.") (internal citations omitted). With no designated economic expert on lost profits, plaintiffs cannot seek to present evidence of what profits PaneBelle would have earned had it actually come to fruition. Defendants' motion

to exclude evidence for which expert testimony is required is accordingly granted.

This ruling would not normally preclude plaintiffs from recovering other appropriate damages, such as (a) recompense for the time and effort they devoted to developing the retail dough business, i.e., reliance damages; or (b) a share of the profits defendants <u>actually</u> earned from the retail dough business they operated after the plan to form PaneBelle failed.  As to the former, however, at the final pretrial conference plaintiffs disclaimed any intention of presenting evidence of or seeking reliance damages.[2]  And, as to the latter, defendants represented at that same conference that the documents they produced during discovery showed that they had not earned <u>any</u> actual profits from the retail dough business, a representation plaintiffs did not contest.  It seems, then, as though plaintiffs have no ability to present evidence of (and hence recover) either of those categories of damages.

If plaintiffs are unable to recover any type of actual damages, their claims for unjust enrichment and promissory

---

[2]It should also be noted that plaintiffs have never provided defendants with a computation of their reliance damages, as required by Federal Rule of Civil Procedure 26(a)(1)(A).  Under Rule 37(c), "the baseline rule" would be to preclude plaintiffs from presenting any evidence of such damages.  Harriman v. Hancock County, 627 F.3d 22, 29 (1st Cir. 2010).

estoppel necessarily fail, as they are not seeking any form of equitable relief on those claims. Their Consumer Protection Act claim would still survive, as statutory damages are available even when a plaintiff does not show actual damages. See Carter v. Lachance, 146 N.H. 11, 14 (2001). That claim, though, is tried to the court, not to a jury, so the upcoming jury trial would be unnecessary in the absence of plaintiffs' other claims. See Hair Excitement, Inc. v. L'Oreal U.S.A., Inc., 158 N.H. 363, 369-70 (2009).

For the foregoing reasons, defendants' motion to exclude evidence requiring expert testimony[3] is GRANTED. In the interest of conserving judicial resources (far too many of which have already been expended on this matter) and those of the parties, plaintiffs are ordered to show cause no later than **3:00 p.m.** on **April 27, 2012,** why summary judgment should not be entered for defendants on their claims for unjust enrichment and promissory estoppel.

The court is sensitive to the time pressure under which this puts plaintiffs. So, if plaintiffs wish to focus their response on the issue with which the court is most concerned, they should explain why they will (or should) be able to present evidence of and recover the profits defendants earned from their retail dough

---

[3]Document no. 60.

business. In making their filing, plaintiffs are advised to demonstrate that the evidence and/or damages theory upon which they rely was provided in a timely manner during discovery. Given that trial is nigh, the court expects that plaintiffs will have already marshaled evidence (if any exists) sufficient to address this issue.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: April 24, 2012

cc: Philip L. Pettis, Esq.
    Scott A. Daniels, Esq.
    James F. Laboe, Esq.
    Jeffrey C. Spear, Esq.